| | |
|---|---|
| **DeNITTIS OSEFCHEN PRINCE, P.C.** | **HIRALDO, P.A.** |
| Ross H. Schmierer, Esq. (RS 7215) | Manuel S. Hiraldo, Esq. |
| 525 Route 73 North, Suite 410 | 401 E. Las Olas Blvd., Suite 1400 |
| Marlton, New Jersey 08053 | Fort Lauderdale, Florida 33301 |
| (856) 797-9951 | (954) 400-4713 |
| rschmierer@denittislaw.com | mhiraldo@hiraldolaw.com |
| | (*Pro Hac Vice* Application Forthcoming) |
| *Attorneys for Plaintiff* | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIO RIVERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>NU IMAGE BODYSCULPTING LLC d/b/a NU IMAGE MEDSPA, a New Jersey corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

## INTRODUCTION

1. Plaintiff Mario Rivero ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Nu Image Bodysculpting LLC d/b/a Nu Image Medspa ("Defendant"), in negligently and/or willfully using an automatic telephone dialing system to call Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges the following upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13.

5. The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6. Congress recognized that not only can unsolicited calls, faxes, and text messages be a nuisance, but also may cause the receiver of the unsolicited communications to incur actual out-of-pocket losses, such as for the use of paper and toner for unsolicited faxes.

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cellular telephones.

8. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted text messages to their cell phones.

9. Every transmission of a text message uses data, and the longer the text is, the more data is used.

10. Once an unsolicited text message is received, not only is it a nuisance to the receiver, but as importantly, that receiver is forced to incur unwanted message and/or data charges from their cell phone carrier.

11. As set forth herein, that is exactly what occurred to Plaintiff and other members of the putative class.

12. Plaintiff and the members of the proposed class received unsolicited sales text messages from Defendant, and consequently incurred additional message and/or data charges to their cell phone accounts, all because Defendant wished to advertise and market its products and services for its own benefit.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law.

14. Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in Bergen County, New Jersey, because Defendant sent the unlawful text messages at issue herein from Bergen County, New Jersey, and because Plaintiff received the unlawful text message in Monmouth County, New Jersey.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant is a Limited Liability Company which operates as a medical spa in Bergen County, New Jersey however, Defendant markets its goods and services throughout the state.

17. Defendant, at all times during the relevant class period, participated in, endorsed, implemented, and performed the conduct alleged herein, specifically including the transmittal of the unlawful text messages that are the subject of this action.

## FACTS

19. Defendant owns and operates a medical spa in Bergen County, New Jersey.

20. To remain competitive and increase sales of its goods and services, Defendant has resorted to unlawful telemarketing campaigns to the detriment of unsuspecting consumers like Plaintiff.

21. Specifically, on May 2, 2018 and May 16, 2018, Defendant or its agents, used an automated text messaging platform to transmit the following marketing text messages to Plaintiff's cellular telephone ending in 7663 ("7663 Number"):



Today 4:22 PM

Nu Image Medspa - Paramus NJ. Brand New Luxury MedSpa. NuImage Free alerts. Msg and data rates may apply. For help 2017120222. To remove yourself reply STOP

CoolSculpting, Botox, Fillers, Laser Hair Removal, Vampire Facials, Facial Rejuvenation. Get up to 25% OFF 1st treatment 2017120222 nuimagenj.com



Today 7:14 PM

Laser Hair Removal is Simple, Fast & Effective at Nu Image Medspa. Goodbye Razor, Hello Laser. Show text for 1 FREE Treatment 201.712.0222 NuimageNJ.com

22. Plaintiff is the subscriber and sole user of the 7663 Number.

23. At no point in time did Plaintiff provide Defendant with his express consent to be contacted by text message on his cellular phone using an automatic telephone dialing system.

24. Defendant was required to obtain Plaintiff's "prior express consent," as defined under the TCPA, before transmitting the text messages.

25. Under the TCPA, "prior express consent" is defined as:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8).

26. Plaintiff further alleges that Defendant, or its agent, sent the above text not only to Plaintiff, but also to numerous other individuals, on their cellular telephones, without obtaining their prior express written consent.

27. The texts were sent to Plaintiff and the putative class for general marketing purposes, for the commercial benefit of Defendant, and specifically to solicit customers for Defendant's medical spa business.

28. Specifically, the text messages attempt to market Plaintiff the following goods and/or services which Defendant sells: laser hair removal, Botox, CoolSculpting, Vampire Facials, and Facial Rejuvenation.

29. The text messages also offer Plaintiff 25% off his first treatment and a free laser hair removal treatment when Plaintiff shows the text message to Defendant.

30. The text messages also provide a hyperlink to Defendant's webpage at https://nuimagenj.com/. Defendant's webpage markets additional goods and services. Copies of the Defendant's webpage is provided below:





## FACE + BEAUTY



**BOTOX >**
Softens fine lines and smoothes out wrinkles that collect around the eyes, brow and forehead to help you look younger and more rejuvenated.

**DERMAL FILLERS >**
Facial fillers add volume, fill in fine lines and wrinkles, restore symmetry and enhance facial features, such as the lips and cheek area.

**MICRONEEDLING >**
Microneedling stimulates cellular renewal and rejuvenates dull, damaged skin. It is commonly used in combination with other skin treatments.

**PLASMA (PRP) FACIALS >**
State-of-the-art facial using platelet rich plasma (PRP) to utilize the body's own healing potential for unparalleled skin repair & rejuvenation.

**AQUA FACIAL >**
Our State-of-the-art facial combines dermabrasion, hydro-exfoliation & infusion of customized serums, to leave your skin soft, smooth & glowing.

**CUSTOM FACIALS >**
Clinical-grade facials, customized from detailed skin analysis', address your specific concerns, like acne, wrinkles, rosacea, & sun damage.

**MICROBLADING & PERMANENT MAKEUP >**
Our highly experienced permanent makeup artist customizes microblading and micropigmentation treatments for your eyebrows, eyeliner, and lips.

**STEM CELL THERAPY >**
Microneedling serums, derived from human stem cells, contain high concentrations of natural human growth factors to repair & regenerate skin.

**HAIR RESTORATION >**
Comprehensive treatment for thinning hair combines PRP, Stem Cell Therapy & Microneedling for more effective & comfortable hair restoration.

**PRP HAIR RESTORATION >**
Non-surgical hair restoration using platelet rich Plasma (PRP) naturally rejuvenates hair follicles to improve hair density & hair thickness.

## LASER + RF TREATMENTS



**TRINITY PLUS >**
Combining different light therapies to diminish the signs of aging and improve skin tone & texture for non-invasive facial & neck rejuvenation.

**SUBLATIVE FRACTIONAL SKIN RESURFACING >**
Fractional laser treatments stimulate the production of collagen to diminish fine lines, improve pigmentation irregularities & repair blemishes.

**SUBLIME SKIN TIGHTENING >**
Dual energies stimulate collagen and elastin, resulting in firmer, smoother & younger looking skin around the eyes, brow-line, cheeks & neck.

**PHOTO FACIAL >**
Repairs and rejuvenates using Intense Pulsed Light (IPL) to improve the appearance of sun damage, decrease redness & restore even skin tone.

**ACNE SCAR REDUCTION >**
Acne Scar reduction utilizes multiple modalities to customize a comprehensive treatment plan for improving the appearance of depressed acne scars.

**LASER HAIR REMOVAL >**
Advanced laser technology delivers permanent hair reduction from head to toe that is painless, ethnic skin safe, convenient and affordable.

**ACTIVE ACNE TREATMENT >**
Customized treatment plans using multiple advanced therapies offer a comprehensive solution to clear active acne and prevent future breakouts.

**STRETCH MARK REDUCTION >**
Improves the appearance of stretch marks using advanced light therapy to stimulate tissue regeneration and promote the production of collagen.

---

[1] *NuImage*, https://nuimagenj.com/ (last visited June 4, 2018).

31. The text messages also provide Plaintiff with the phone number of (201)-712-0222 as a means to contact Defendant. Upon information and belief this number is owned and/or operated by Defendant.

32. The texts were not sent to Plaintiff and the putative class for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

33. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

34. The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. at § 227(a)(1).

35. Defendant – or third parties directed by Defendant– used an ATDS to send Plaintiff text messages.

36. Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The system utilized by Defendant has the capacity to store numbers using a random or sequential generator, and to dial such numbers, and/or to dial such numbers from a list in an automated fashion, without human interference.

37. The impersonal and generic nature of Defendant's text messages establish that Defendant utilized an ATDS to transmit the messages.

38. Specifically, the text messages fail to state the name of their intended recipient or provide any other specific information which would establish that the text messages were drafted

with a specific recipient in mind. Instead the text messages are drafted to be sent to multiple parties with no alteration.

39. Another indicator of Defendant's use of an ATDS is Defendant's utilization of a short-code (555-999) to send the text messages.

40. As outlined herein, the unsolicited commercial texts sent by Defendant or its agents to Plaintiff and the putative class violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> **All persons in the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said persons cellular telephone number**

47. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the proposed class are ascertainable, in that Defendant maintains written and electronically-stored records of all texts that were sent, the dates they were sent, and the telephone numbers to which they were sent.

49. The proposed class is composed of over 1,000 persons.

50. The claims in this action arise exclusively from Defendant's uniform policies as alleged herein, from uniformly-worded texts sent by Defendant or its agents via an "automatic telephone dialing system."

51. No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendant.

52. There are common questions of law and fact affecting the rights of the class members, including, <u>inter alia</u>, the following:

    a) Whether Defendant or its agents sent text messages to the cellular telephones of Plaintiff and the class;

    b) Whether the Defendant obtained express written consent from Plaintiff and the class before sending such text messages;

    c) Whether Defendant's uniform policies and common course of conduct, as alleged herein, violated the TCPA;

    d) Whether Plaintiff and the class are entitled to damages arising from Defendant's conduct alleged herein; and

    e) Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendant from carrying on the policies alleged herein.

53. Plaintiff is a member of the class he seeks to represent.

54. The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from Defendant's uniform policies and form texts and are based on the same legal theories of all class members.

55. Plaintiff has no interest antagonistic to, or in conflict with, the class.

56. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

57. Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

58. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, <u>inter alia</u>, the damages suffered by each class member were

less than $500 per person and individual actions to recoup such an amount are not economically feasible.

60. Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

63. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

69. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

   A. Certification of the class under Fed. R. Civ. P. 23;

   B. On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

   C. On the Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

   D. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(2)(D);

   E. Attorney's fees and costs; and

    F.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: June 4, 2018

                      **DeNITTIS OSEFCHEN PRINCE, P.C.**

By:   /s/ Ross H. Schmierer
      Ross H. Schmierer, Esq.
      Stephen P. DeNittis, Esq.
      525 Route 73 North, Suite 410
      Marlton, New Jersey 08053
      (T): (856) 797-9951
      rschmierer@denittislaw.com

      **HIRALDO, P.A.**
      Manuel S. Hiraldo, Esquire
      (*Pro Hac Vice* Application Forthcoming)
      401 E. Las Olas Boulevard, Suite 1400
      Fort Lauderdale, Florida 33301
      (T): (954) 400-4713
      mhiraldo@hiraldolaw.com

      *Attorneys for Plaintiff*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: June 4, 2018 **DeNITTIS OSEFCHEN PRINCE, P.C.**

By: *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
Stephen P. DeNittis, Esq.
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(T): (856) 797-9951
rschmierer@denittislaw.com

*Attorneys for Plaintiff*