**DeNITTIS OSEFCHEN PRINCE, P.C.**
Ross H. Schmierer, Esq. (RS 7215)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
rschmierer@denittislaw.com

*Attorneys for Plaintiff*

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esq.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301
(954) 400-4713
mhiraldo@hiraldolaw.com
(*Pro Hac Vice* Application Forthcoming)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIO RIVERO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>NU IMAGE BODYSCULPTING LLC d/b/a NU IMAGE MEDSPA, a New Jersey corporation and DIANA PORTILLA<br><br>Defendants. | Case No.: **2:18-cv-10144-ES-SCM**<br><br>**AMENDED COMPLAINT AND JURY DEMAND PUTATIVE CLASS ACTION** |

## INTRODUCTION

1.  Plaintiff Mario Rivero ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants Nu Image Bodysculpting LLC d/b/a Nu Image Medspa ("Nu Image") and Diana Portilla ("Portilla")(collectively referred to as the "Defendants"), in negligently and/or willfully using an automatic telephone dialing system to call Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges the following upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.  The TCPA was designed to prevent calls and text messages like the ones described

herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13.

5. The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6. Congress recognized that not only can unsolicited calls, faxes, and text messages be a nuisance, but also may cause the receiver of the unsolicited communications to incur actual out-of-pocket losses, such as for the use of paper and toner for unsolicited faxes.

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cellular telephones.

8. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted text messages to their cell phones.

9. Every transmission of a text message uses data, and the longer the text is, the more data is used.

10. Once an unsolicited text message is received, not only is it a nuisance to the receiver, but as importantly, that receiver is forced to incur unwanted message and/or data charges from their cell phone carrier.

11. As set forth herein, that is exactly what occurred to Plaintiff and other members of the putative class.

12. Plaintiff and the members of the proposed class received unsolicited sales text messages from Defendants, and consequently incurred additional message and/or data charges to their cell phone accounts, all because Defendants wished to advertise and market their products and services for their own benefit.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law.

14. Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants are subject to personal jurisdiction in Bergen County, New Jersey, because Defendants sent the unlawful text messages at issue herein from Bergen County, New Jersey, and because Plaintiff received the unlawful text message in Monmouth County, New Jersey.

## PARTIES

15.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16.     Nu Image is a Limited Liability Company which operates as a medical spa in Bergen County, New Jersey however, Defendant markets its goods and services throughout the state.

17.     Portilla is an individual whose last known address is 174 Palisade Avenue, Cresskill, NJ 07626. At all relevant times, Portilla has been the Principal and/or Member and/or Owner of Nu Image and is an alter ego of Nu Image.

18.     Defendants, at all times during the relevant class period, participated in, endorsed, implemented, and performed the conduct alleged herein, specifically including the transmittal of the unlawful text messages that are the subject of this action.

## THE CORPORATE VEIL SHOULD BE PIERCED

19.     At all relevant times Nu Image has been controlled by Portilla and has been Portilla's alter ego.

20.     Portilla has such control of Nu Image, that Nu Image has no independent identity.

21.     Nu Image has been used as a mere instrumentality for the transaction of Portilla's own affairs and there is such unity of interest in ownership that the separate personality of the corporation and the owner no longer exist.

22.     Justice requires recognizing the substance of the relationship over the form because the corporate fiction distinguishing between Nu Image and Portilla is being utilized to violate the TCPA and protect Portilla from the consequences of her actions.

23.     An equitable result is achieved by disregarding the corporate form and holding Portilla personally liable for Nu Image's violations of the TCPA.

## FACTS

24. Portilla is the owner and/or principal and/or member of Nu Image, a medical spa in Bergen County, New Jersey.

25. To remain competitive and increase sales of Nu Image's goods and services, Defendants have resorted to unlawful telemarketing campaigns to the detriment of unsuspecting consumers like Plaintiff.

26. Upon information and belief, Portilla was not only on notice of Nu Image's unlawful telemarketing campaign but directly or indirectly controlled and/or operated Nu Image's unlawful telemarketing campaign.

27. Specifically, on May 2, 2018 and May 16, 2018, Defendants or their agents, used an automated text messaging platform to transmit the following marketing text messages to Plaintiff's cellular telephone ending in 7663 ("7663 Number"):

&lt; 555-999 ⓘ

Today 4:21 PM

Nu Image Medspa - Paramus NJ. Brand New Luxury MedSpa. NuImage Free alerts. Msg and data rates may apply. For help 2017120222. To remove yourself reply STOP

CoolSculpting, Botox, Fillers, Laser Hair Removal, Vampire Facials, Facial Rejuvenation. Get up to 25% OFF 1st treatment 2017120222

&lt;      **555-999**      ⓘ

Today 7:14 PM

Laser Hair Removal is Simple, Fast & Effective at Nu Image Medspa. Goodbye Razor, Hello Laser. Show text for 1 FREE Treatment 201.712.0222 NuimageNJ.com

28.  Plaintiff is the subscriber and sole user of the 7663 Number.

29.  At no point in time did Plaintiff provide Defendants with his express consent to be contacted by text message on his cellular phone using an automatic telephone dialing system.

30.  Defendants were required to obtain Plaintiff's "prior express consent," as defined under the TCPA, before transmitting the text messages.

31.  Under the TCPA, "prior express consent" is defined as:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8).

32.  Plaintiff further alleges that Defendants, or their agents, sent the above text not only to Plaintiff, but also to numerous other individuals, on their cellular telephones, without obtaining their prior express written consent.

33. The texts were sent to Plaintiff and the putative class for general marketing purposes, for the commercial benefit of Defendants, and specifically to solicit customers for Defendants' medical spa business.

34. Specifically, the text messages attempt to market Plaintiff the following goods and/or services which Defendants sell: laser hair removal, Botox, CoolSculpting, Vampire Facials, and Facial Rejuvenation.

35. The text messages also offer Plaintiff 25% off his first treatment and a free laser hair removal treatment when Plaintiff shows the text message to Defendants.

36. The text messages also provide a hyperlink to Defendants' webpage at htttps://nuimagenj.com/. Defendants' webpage also markets additional goods and services. Copies of Defendants' webpage is provided below:






## BODY CONTOURING



### COOLSCULPTING >
This non-surgical alternative to liposuction safely and effectively reduces stubborn bulges by freezing fat cells for long-term fat reduction.

### COOLMINI >
The newly released CoolSculpting applicator reduces double chin fat and improves the appearance of skin laxity for a firm and toned profile.

### ULTRASHAPE POWER FAT REDUCTION >
This FDA approved treatment offers non-invasive fat reduction using highly focused pulses of ultrasonic energy to damage stubborn fat cells.

### VELASHAPE III SKIN TIGHTENING >
Non-surgical skin tightening using high energy RF stimulates collagen to increase dermal firmness, fiber compaction & tighten skin layers.

### VELASHAPE III CELLULITE REDUCTION >
VelaShape III combines multiple advanced technologies to reduce overall volume & improve skin texture to diminish the appearance of cellulite.

### KYBELLA >
A double chin solution that safely and effectively dissolves fat cells to reduce submental fullness & improve the appearance of your profile.

## FACE + BEAUTY



**BOTOX >**
Soften fine lines and wrinkles...

**DERMAL FILLERS >**
Facial fillers add volume...

**MICRONEEDLING >**
Microneedling stimulates natural renewal and...

**PLASMA (PRP) FACIALS >**
...of the art facial using plasma...

**AQUA FACIAL >**
Our State of the art facial combines dermabrasion...smooth & glowing.

**CUSTOM FACIALS >**
Come in given facials customized...

**MICROBLADING & PERMANENT MAKEUP >**
Our highly experienced permanent makeup artist customizes...

**STEM CELL THERAPY >**
Microneedling serums derived from human stem cells...

**HAIR RESTORATION >**
Comprehensive treatment for thinning hair combining PRP, Stem Cell Therapy...

**PRP HAIR RESTORATION >**
Non-surgical hair restoration using plasma rich...

## LASER + RF TREATMENTS



**TRINITY PLUS >**
Combining different light therapies to diminish the signs of aging...

**SUBLATIVE FRACTIONAL SKIN RESURFACING >**
Fractional laser treatments stimulate the production of collagen to minimize fine lines, wrinkles, pigmentation irregularities & repair sun damage.

**SUBLIME SKIN TIGHTENING >**
Dual energies stimulate collagen and elasticity resulting in firmer, smoother & younger looking skin...

**PHOTO FACIAL >**
Treatment and rejuvenation using Intense Pulsed Light (IPL) to improve the appearance of sun damage...

**ACNE SCAR REDUCTION >**
Acne Scar reduction utilizes multiple modalities to customize a comprehensive treatment plan for improving the appearance of depressed acne scars.

**LASER HAIR REMOVAL >**
Advanced laser technology delivers permanent hair reduction from head to toe that is agonizing, efficient, safe, convenient and affordable.

**ACTIVE ACNE TREATMENT >**
Customized treatment plans using multiple advanced therapies offer a comprehensive solution to clear active acne and prevent future breakouts.

**STRETCH MARK REDUCTION >**
Improves the appearance of stretch marks using advanced light therapy to stimulate tissue regeneration and promote the production of collagen.



1

---

[1] *NuImage*, https://nuimagenj.com/ (last visited June 4, 2018).

37. The text messages also provide Plaintiff with the phone number of (201)-712-0222 as a means to contact Defendants. Upon information and belief this number is owned and/or operated by Defendants.

38. The texts were not sent to Plaintiff and the putative class for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

39. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

40. The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." Id. at § 227(a)(1).

41. Defendants – or third parties directed by Defendants– used an ATDS to send Plaintiff text messages.

42. The impersonal and generic nature of Defendants' text messages establish that Defendants utilized an ATDS to transmit the messages.

43. Specifically, the text messages fail to state the name of their intended recipient or provide any other specific information which would establish that the text messages were drafted with a specific recipient in mind. Instead the text messages are drafted to be sent to multiple parties with no alteration.

44. Another indicator of Defendants' use of an ATDS is Defendants' utilization of a short-code (555-999) to send the text messages.

45. A short code is a standard 5 or 6-digit code that enables SMS text messages to be

sent *en masse*.

46. This short code was provided to Defendants by Simple Mobile Solutions, LLC d/b/a TextforLess.net ("TextForLess"), a company that hosts a text messaging platform which permitted Defendants to transmit thousands of automated text messages without any human involvement. In fact, on its website, TextForLess boasts that it "allows YOU to send mass text message campaigns directly to your contacts in seconds" and that you only need to "login, create your message, select the group(s) that you want to message, and click send!".[2]

47. The messaging platform utilized by Defendants has the capacity to store numbers using a random or sequential generator and to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

48. As outlined herein, the unsolicited commercial texts sent by Defendants or their agents to Plaintiff and the putative class violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

**All persons in the United States who, within the four years prior to the filing of this Complaint, were sent a text message using the same type of equipment used to text message Plaintiff, from Defendants or anyone on Defendants' behalf, to said persons cellular telephone number**

47. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48. The exact number and identities of the persons who fit within the proposed class are ascertainable, in that Defendants maintain written and electronically-stored records of all texts that were sent, the dates they were sent, and the telephone numbers to which they were sent.

49. The proposed class is composed of over 1,000 persons.

---

[2] www.textforless.net/ (last visited August 15, 2018).

50. The claims in this action arise exclusively from Defendants' uniform policies as alleged herein, from uniformly-worded texts sent by Defendants or their agents via an "automatic telephone dialing system."

51. No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendants.

52. There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

   a) Whether Defendants or their agents sent text messages to the cellular telephones of Plaintiff and the class;

   b) Whether the Defendants obtained express written consent from Plaintiff and the class before sending such text messages;

   c) Whether Defendants' uniform policies and common course of conduct, as alleged herein, violated the TCPA;

   d) Whether Plaintiff and the class are entitled to damages arising from Defendants conduct alleged herein; and

   e) Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendants from carrying on the policies alleged herein.

53. Plaintiff is a member of the class he seeks to represent.

54. The claims of Plaintiff are not only typical of all class members, they are identical in that they arise from Defendants' uniform policies and form texts and are based on the same legal theories of all class members.

55. Plaintiff has no interest antagonistic to, or in conflict with, the class.

56. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

57. Defendants have acted and refused to act on grounds generally applicable to the

class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

58. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

59. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $500 per person and individual actions to recoup such an amount are not economically feasible.

60. Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

61. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, et seq.

63. As a result of Defendants' negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

65. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as

though fully stated herein.

66. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

67. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

A. Certification of the class under Fed. R. Civ. P. 23;

B. On the First Count, as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

C. On the Second Count, as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(2)(D);

E. An Order finding that Portilla has controlled or influenced Nu Image such that this Court should disregard Nu Image's corporate form and hold Portilla jointly and severally, liable for all claims against Nu Image.

F. Attorney's fees and costs; and

G. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 5, 2018

**DeNITTIS OSEFCHEN PRINCE, P.C.**

By:  s/ Ross H. Schmierer
 Ross H. Schmierer, Esq.
 Stephen P. DeNittis, Esq.
 525 Route 73 North, Suite 410
 Marlton, New Jersey 08053
 (T): (856) 797-9951
 rschmierer@denittislaw.com

**HIRALDO, P.A.**
Manuel S. Hiraldo, Esquire
(*Pro Hac Vice* Application Forthcoming)
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, Florida 33301
(T): (954) 400-4713
mhiraldo@hiraldolaw.com

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: September 5, 2018              **DeNITTIS OSEFCHEN PRINCE, P.C.**

                                        By:    *s/ Ross H. Schmierer*
                                                    Ross H. Schmierer, Esq.
                                                    Stephen P. DeNittis, Esq.
                                                    525 Route 73 North, Suite 410
                                                    Marlton, New Jersey 08053
                                                    (T): (856) 797-9951
                                                    rschmierer@denittislaw.com

                                                    *Attorneys for Plaintiff*